UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **NICOLE HERRERA MENDEZ, ET.AL,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **BRANDIN JOHN MORAN; AND** | § | |
| **BEXAR COUNTY,** | § | **CIVIL ACTION NO.** |
| **Defendants.** | § | **5:22-cv-00198-XR** |
| | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANTS ANSWER
AND AFFIRMATIVE DEFENSES**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE XAVIER
RODRIGUEZ**

NOW COME Defendants Bexar County Deputy Brandin John Moran, in his individual

capacity, and Bexar County, Texas to file this Answer and Affirmative Defenses to Plaintiff's

Original Complaint.   The Defendants would show the Court as follows:

**ANSWER**

1.      Paragraph 1.   Defendants admit that this is a lawsuit about an officer involved

shooting.

2.      Paragraph 2.   Defendants admit that that there was a domestic disturbance

between Jesus Benito Garcia, Jr. and his wife Lisa Garcia that resulted in a neighbor calling 911.

Defendants admit that Sgt. Reyes of the Elmendorf Police was the first officer to make the scene.

Defendants admit that there is video from both Sgt. Reyes and Deputy Moran and admit that the

1

video provides much the information in this Complaint.   The Bexar County Defendants cannot admit or deny what Sgt. Reyes was thinking during the time in question.

3.      Paragraph 3.    Defendants admit that there is video from both Sgt. Reyes and Deputy Moran and admit that the video provides much the information in this Complaint. Defendants admit that Deputy Moran was the second Officer to arrive after responding to a call for back up by Sgt. Reyes.

4.      Paragraph 4.    Defendants admit that there is video from both Sgt. Reyes and Deputy Moran and admit that the video provides much the information in this Complaint. Defendants deny that there was a need for first aid to Mr. Garcia.  Defendants deny that Deputy Moran was not taking actions during the time in was in the trailer with Ms. Garcia and Sgt. Reyes.

5.      Paragraph 5.    Defendants admit that Plaintiffs have brought this lawsuit.

6.      Paragraph 6.    Defendants have no reason to doubt that Ms. Nicole Herrera Mendez is the daughter of Jesus Benito Garcia or that a family agreement has been entered.

7.      Paragraph 7.    Defendants have no reason to doubt that Ms. Nicole Herrera Mendez is the daughter of Jesus Benito Garcia.

 8.      Paragraph 8.    Defendants have no reason to doubt that Ms. Lisa Garcia is the spouse of Nicole Herrera Mendez

9.      Paragraph 9.    Defendants have no reason to doubt that Ms. Amanda Victoria Garcia is the daughter of Jesus Benito Garcia.

10.     Paragraph 10.  Defendants have no reason to doubt that Ms. Jessica Lisa Garcia is the daughter of Jesus Benito Garcia.

11.     Paragraph 11.  Defendants have no reason to doubt that Mr. Jesus Benito Garcia, Jr. is the son of Jesus Benito Garcia.

12.     Paragraph 12.  Defendants have no reason to doubt that Mr.  Thomas Lee Garcia is the son of Jesus Benito Garcia.

13.     Paragraph 13.  Defendants admit said paragraph.

14.     Paragraph 14.  Defendants admit said paragraph

15.     Paragraph 15.  Defendants admits this Court has jurisdiction.

16.     Paragraph 16.  Defendants admit that this Court has venue.

17.     Paragraph 17.  Defendants admits that the Court has authority to address declaratory relief but denies that it is appropriate in this case.

18.     Paragraph 18.  Defendants admit said paragraph.

19.     Paragraph 19.  Defendants admit said paragraph.

20.     Paragraph 20.  Defendants admit said paragraph.

21.     Paragraph 21.  Defendants admit said paragraph.

22.     Paragraph 22.  Defendants admit said paragraph.

23.     Paragraph 23.  Defendants admit said paragraph other than Defendants cannot admit what Ms. Garcia was thinking.

24.     Paragraph 24.  Defendants admit said paragraph.

25.     Paragraph 25.  Defendants deny this paragraph.

26.     Paragraph 26.  Defendants admit that the recording of dispatch will indicate the information conveyed to Deputy Moran.

27.     Paragraph 27.  Defendants deny said paragraph.

28.     Paragraph 28.   Defendants admit Deputy Moran entered the House with his gun drawn.

29.     Paragraph 29.  Defendants admit that Ms. Garcia was on the floor with her husband with a weapon in his hand was looming over her.

30.     Paragraph 30.  Defendants admit that the Mr. Garcia was shot and that he fell on top of Ms. Garcia.

31.     Paragraph 31.  Defendants deny that Deputy Moran was not identifiable as an Officer.

32.     Paragraph 32.  Defendants deny said paragraph.

33.     Paragraph 33.  Defendants deny this characterization of the Bexar County use of Force Policy.

34.     Paragraph 34.  Defendants deny said paragraph.

35.      Paragraph 35. Defendants deny said paragraph.

36.     Paragraph 36.  Defendants deny said paragraph.

37.     Paragraph 37.  Defendants admit Deputy Moran's statement but deny that Deputy Moran was just randomly walking back and forth.

38.     Paragraph 38.   Defendants deny said paragraph.

39.      Paragraph 39. Defendants deny that Mr. Garcia was in need of life saving medical assistance.

40.      Paragraph 40. Defendants admits that EMS arrived and performed CPR.

41.     Paragraph 41.  Defendants admit said paragraph.

42.     Paragraph 42.  Defendants admit said paragraph.

43.      Paragraph 43. Defendants admit that Mr. Garcia was shot five times.

44.      Paragraph 44. Defendants have insufficient information to admit or deny this paragraph.

45.     Paragraph 45.  Defendants admit that the Plaintiffs lost their father.

46.     Paragraph 46.  Defendants admit said paragraph.

47.     Paragraph 47.  Defendants admit said paragraph.

48.     Paragraph 48. Defendants admits said paragraph.

49.     Paragraph 49.  Defendants admit the statements of Sheriff Salazar.

50.     Paragraph 50. Defendants deny said paragraph.

51.      Paragraph 51.      Defendants admit the facts of the Gilbert Flores case but deny that it is an indication that the use of force policy was unconstitutional.

52.      Paragraph 52.      Defendants admit the facts of the Amanda Jones\Kameron Prescott case but deny that it is an indication that the use of force policy was unconstitutional.

53.      Paragraph 53.      Defendants deny said paragraph.

54.      Paragraph 54.      Defendants deny said paragraph.

55.      Paragraph 55.      Defendants deny said paragraph.

56.      Paragraph 56.      Defendants admits that changes were made to the use of force policy in 2020 but denies the remaining parts of paragraph.

57.      Paragraph 57.      Defendants admit that the policy speaks for itself.

58.      Paragraph 58.      Defendants admit that the policy speaks for itself.

59.      Paragraph 59.      Defendants deny said paragraph.

60.      Paragraph 60. Defendants deny said paragraph.

61.      Paragraph 61.  Defendants deny said paragraphs.

62.      Paragraph 62. Defendants deny said paragraph.

63.      Paragraph 63.  Defendants have insufficient knowledge to admit or deny this paragraph.

64.     Paragraph 64. Defendants incorporate by reference all admissions, denials and averments that it lacks sufficient information and knowledge with respect to the allegations incorporated by Plaintiff in paragraphs 1 through 63, as alleged in paragraph 63.

65.     Paragraph 65. Defendants admit said paragraph.

66.     Paragraph 66. Defendants deny said paragraph.

67.     Paragraph 67. Defendants deny said paragraph.

68.     Paragraph 68. Defendants deny said paragraph.

69.     Paragraph 69. Defendants admit said paragraph.

70.     Paragraph 70. Defendants deny said paragraph.

71.     Paragraph 71. Defendants admit said paragraph.

72.     Paragraph 72. Defendants deny said paragraph.

73.     Paragraph 73. Defendants deny said paragraph.

74.     Paragraph 74. Defendants deny said paragraph.

75.     Paragraph 75. Defendants deny said paragraph.

76.     Paragraph 76. Defendants incorporate by reference all admissions, denials and averments that it lacks sufficient information and knowledge with respect to the allegations incorporated by Plaintiff in paragraphs 1 through 75, as alleged in paragraph 76.

77.     Paragraph 77. Defendants admit said paragraph.

78.      Paragraph 78. Defendants admit Deputy Moran's statement but deny remaining said paragraph.

79.      Paragraph 79. Defendants admit that Deputy Moran did not provide medical care to Mr. Garcia.

80.      Paragraph 80.  Defendants deny said paragraph.

81.      Paragraph 81.  Defendants deny said paragraph in regard to Deputy Moran's actions.  Defendants admit that EMS provided CPR before declaring Mr. Garcia dead.

82.      Paragraph 82.  Defendants admit that the use of force policy speaks for itself.

83.      Paragraph 83.  Defendants deny said paragraph.

84.      Paragraph 84.  Defendants deny said paragraph.

85.      Paragraph 85.  Defendants deny said paragraph.

86.      Paragraph 86.  Defendants deny said paragraph.

87.      Paragraph 87.  Defendants admit said paragraph.

88.      Paragraph 88.  Defendants admit said paragraph.

89.      Paragraph 89.  Defendants incorporate by reference all admissions, denials and averments that it lacks sufficient information and knowledge with respect to the allegations incorporated by Plaintiff in paragraphs 1 through 88, as alleged in paragraph 89.

90.      Paragraph 90.  Defendants deny said paragraph.

91.      Paragraph 91.  Defendants deny said paragraph.

92.     Paragraph 92.  Defendants deny said paragraph.

93.     Paragraph 93.  Defendants deny said paragraph.

94.     Paragraph 94.  Defendants deny said paragraph.

95.     Paragraph 95.  Defendants deny said paragraph.

96.     Paragraph 96.  Defendants admit that Plaintiffs are seeking a jury trial.

97.     Paragraph 97.  Defendants are not required to admit or deny the prayer of the Plaintiffs.

**AFFIRMATIVE DEFENSES**

98.     Defendants hereby assert the defense of sovereign immunity to all state law allegations asserted by plaintiff.   Defendants assert the doctrine of governmental immunity as a defense to Plaintiff's causes of action, if any, and invokes all provisions and limitations of monetary liability contained in Chapter 101 of the Texas Civil Practice and Remedies Code (the "Texas Tort Claims Act").  Defendant Moran further asserts his defenses under the Texas Civil Practice and Remedies Code, Chapter 108, as a matter of law.

99.     Defendants specifically deny they breached any duty to Plaintiff, acted with deliberate indifference, or deprived Plaintiff of any civil or constitutional right.

100.    Defendant Moran asserts the defense of qualified immunity.  Deputy Moran would show that all times made the basis of Plaintiffs' Original Complaint that he was acting in his discretionary capacity as a law enforcement officer for the Bexar County Sheriff's Office,

within the course and scope of his duties and at all times acted in "good faith" and therefore he is entitled to qualified immunity and official immunity, as a matter of law.

      101.    Defendants request a bifurcated trial in regard to liability and damages.

      THEREFORE, FOR THE REASONS STATED ABOVE, Defendants Deputy Moran and Bexar County, Texas respectfully pray that upon final hearing hereof, that Plaintiffs be denied any relief at all against them, and further, that they go hence with their costs, including reasonable attorney's fees incurred in defending this cause, and that they have such other and further relief to which they may be entitled.

                        Respectfully submitted,
                        JOE D. GONZALES
                        Criminal District Attorney
                        Bexar County, Texas

                        BY: /s/*Susan A. Bowen*
                        SUSAN A. BOWEN
                        State Bar No. 02725950
                        Assistant Criminal District
                         Attorneys - Civil Division
                        101 W. Nueva  4th Floor
                        San Antonio, Texas 78205
                        Telephone No.: (210) 335-2147
                        TeleFax No.: (210) 335-2773
                        sbowen@bexar.org

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 19th day of April, 2021, I filed the foregoing with the Clerk of the Court which will send notification of such filing with the following:

Ms. Susan Watson
Texas RioGrande Legal Aid, Inc.
311 Plus Park Blvd.  Suite 135
Nashville TN 37217

Mr. Matthew Garcia
Texas RioGrande Legal Aid, Inc.
1111 North Main Ave.
San Antonio, Texas 78212

        *Susan A. Bowen*
        Susan Bowen